UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| AKEEM JORDINE, <br><br> Plaintiff, <br><br> v. <br><br> RELIANT CAPITAL SOLUTIONS, LLC, <br><br> Defendant. | CASE NO. 2:25-cv-00087 |

## COMPLAINT

**NOW COMES** AKEEM JORDINE ("Plaintiff"), by and through his undersigned counsel, complaining of RELIANT CAPITAL SOLUTIONS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as the Defendant maintains its principal place of business in the Southern District of Ohio.

### PARTIES

5. AKEEM JORDINE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Bronx, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. RELIANT CAPITAL SOLUTIONS, LLC ("Defendant") maintains its principal place of business at 670 Cross Pointe Rd, Columbus, Ohio 43230.

10. Defendant is a debt collection agency that collects debts from consumers nationwide.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7326.

14. At all times relevant, Plaintiff's number ending in 7326 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. In July 2024, Plaintiff started to receive phone calls from Defendant to his cellular phone.

17. At no point in time did Plaintiff provide Defendant with his cellular phone number.

18. Initially, Plaintiff ignored Defendant's phone calls as he did not recognize the numbers that Defendant was calling from.

19. Subsequently thereafter, Plaintiff finally answered a telephone call from Defendant.

2

20. Upon answering the telephone call from Defendant, Plaintiff asked Defendant to verify and validate the owner of the debt.

21. During this phone call, Defendant's representative advised Plaintiff that it was attempting to collect an outstanding bill allegedly owed to Robinhood ("subject debt").

22. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

23. Frustrated with Defendant's relentless calls, Plaintiff requested that Defendant cease calls to his cellular phone.

24. Despite Plaintiff's request that Defendant cease its harassing collection calls, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

25. Despite Plaintiff's request, Defendant has placed several collection calls to Plaintiff's cellular phone after Plaintiff requested that the harassing collection calls cease.

26. Defendant places its harassing collection calls from various numbers, including (614) 494-0002, (347) 281-7646, (347) 212-6608, (614) 495-0018.

27. Defendant strategically uses local numbers to place the collection calls to mask its identity and induce Plaintiff to answer its collection calls.

28. Moreover, Defendant has mailed Plaintiff letters in an attempt to collect on the subject debt.

## DAMAGES

29. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the

phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; the loss of battery charge; and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

31. Moreover, each time Defendant placed a phone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

32. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I
**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**
a. **Violations of FDCPA §1692c**

33. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

34. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

35. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

36. Defendant violated § 1692c(a)(1) when it placed several collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient to Plaintiff.

37. In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b.  Violations of FDCPA §1692d

38. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

39. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

40. Defendant violated §§ 1692d and d(5) when it placed numerous collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to stop.

41. Defendant's conduct in systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

42. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

43. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c.  Violations of FDCPA §1692g(a)

44. 15 U.S.C. §1692g(a) requires a debt collector to send the consumer a written notice containing information regarding the debt it is attempting to collect within 5 days of the initial communication with the consumer.

45. The required disclosures are commonly referred to as the "validation notice."

46. Defendant violated §1692g(a) by failing to send Plaintiff a validation notice within five days of its initial communication with Plaintiff in July 2024.

47. As a result of Defendant's failure to provide Plaintiff with information regarding the subject debt, Plaintiff was deprived of critical information required by the FDCPA.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

    **a.** Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    **b.** Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    **c.** Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    **d.** Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 31, 2025                                        Respectfully submitted,

                                                                     **AKEEM JORDINE**

                                                                     By: /s/ *Mohammed O. Badwan*

                                                                     Mohammed O. Badwan, Esq.
                                                                     *Counsel for Plaintiff*
                                                                     Sulaiman Law Group, Ltd
                                                                     2500 S Highland Ave, Suite 200
                                                                     Lombard, IL 60148
                                                                     (630) 575-8180
                                                                     mbadwan@sulaimanlaw.com